UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,

                                              **Hon. Hugh B. Scott**

                                              04CR173

                                              Amended
                 v.                               **DECISION**
                                                &
                                              **ORDER**

JAMES GARDIN,

                    Defendant.
_____

Before the Court is the defendant's respective motions for a bill of particulars (Docket No. 19), motion to suppress (Docket No. 20)[1], and motion for discovery (Docket No. 21).

**Background**

On July 20, 2004, an indictment was issued by the Grand Jury in the Western District of New York charging the defendant with one count of illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

---

[1] The defendant's motion to suppress will be dealt with in a separate Report & Recommendation .

1

## Discovery

The defendant seeks various items of pretrial discovery. The government has represented that it has provided the defendants with broad voluntary discovery in this matter and that it has provided, or will provide the items requested by the defendant.  The defendant has not advised the Court of any outstanding discovery issue.

## Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment,  the Court finds that defendant is not entitled to a Bill of Particulars inasmuch the defendant is sufficiently advised of the charges  against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

**Conclusion**

For the reasons stated above, the omnibus motion is granted n part and denied in part consistent with the above.

So Ordered.

                                            /s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 30, 2006